JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gotham West Properties LLC, PLAINTIFF(S) v. Lila Brustad, DEFENDANT(S) | CASE NUMBER 2:26-cv-12127-AH-BFMx |
| | **ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE) [3][7]** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees. ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

The Request is filed on an outdated form that does not provide all the necessary information to determine indigency. Additionally, it is unclear how Defendant, who is not an inmate, has absolutely no income or expenses. *See Duell v. O'Malley*, No.3:24-CV-0884-WQH-MMP, 2024 WL 4220025, at *1 (S.D. Cal. Sept. 17, 2024) (denying IFP in part because court did not find it credible that applicant had no expenses whatsoever, and provided no explanation for the lack of expenses); Local Rule 5-2.

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

- ☒ The District Court lacks ☒ subject matter jurisdiction ☒ removal jurisdiction.
- ☐ The action is frivolous or malicious.
- ☐ The action fails to state a claim upon which relief may be granted.
- ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☒ This case is REMANDED to state court as explained in the attached statement.

NOVEMBER 16, 2026

Date

United States District Judge

Lila Brustad, the Defendant in Los Angeles County Superior Court action No. 26SMCV03843, has filed a Notice of Removal of that case to this Court along with a request to proceed *in forma pauperis* ("Request").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over matters only authorized by the Constitution and Congress. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v.* Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Defendant has not met her burden. The underlying complaint alleges a routine claim for unlawful detainer under state law (Dkt. 1 at 1, 5-11). *See Bank of Am., Nat'l Ass'n v. German*, 2019 WL 2353630, at *2 (S.D. Cal. June 4, 2019) ("Because this complaint contains only a state unlawful detainer action, no federal question is presented."); *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) ("An unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."). Further, Defendant's reliance on purported violations of The Protecting Tenants Moratorium Act ("PTMA"), a provision of the California Code of Civil Procedure (Dkt. 1 at 2), does not establish the existence of a federal question because the alleged violation, at most, is a potential ground for asserting defenses or counterclaims to Plaintiff's claim. *See ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000)("[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."); *Kim v. Plummer*, 2023 WL 3175423, at *2 (C.D. Cal. May 1, 2023) (a defense or answer, such as under the PTMA, cannot give rise to federal-question jurisdiction).

For the foregoing reasons, this Court lacks jurisdiction over this action. The incomplete Request is **DENIED** (Dkt. 3), and this action is **REMANDED** to the Los Angeles County Superior Court. *See* 28 U.S.C § 1447(c).

(*attach additional pages if necessary*)